**DLD-180**                                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1802
_____

IN RE:  JOHNNIE DELANTRO YOUNG,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 10-cv-06112)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 5, 2011
Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Opinion filed: July 22, 2011)
_____

OPINION
_____

PER CURIAM

 Johnnie Delantro Young has filed a petition for a writ of mandamus seeking to

compel the Clerk of the United States District Court for the Eastern District of

Pennsylvania to provide him with "the court docket statements and the court documents

[from his underlying habeas case] . . . without fee payment."  For the following reasons,

we will deny the petition.

 In November 2010, Young filed a petition pursuant to 28 U.S.C. § 2254,

challenging a 2008 controlled substance conviction in the Court of Common Pleas of

Lancaster County. The matter was referred to a Magistrate Judge, who directed the District Attorney of Lancaster County to respond to the petition. Meanwhile, Young requested that the District Court furnish him with "the court docket and documents." A Deputy Clerk informed Young that there was a 30-cent fee for the information he requested, that the records could not be sent until the fee was received, and that the documents could not be provided free of charge without a specific order from the judge. Young now asks us to direct the District Court Clerk to provide him with copies of the documents he seeks.[1]

Issuance of a writ of mandamus is an appropriate remedy in extraordinary circumstances only. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Its main purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). To justify the Court's use of this remedy, a petitioner must demonstrate that "there are no other adequate means of relief and the right to the writ is clear and indisputable." First Jersey Sec., Inc. v. Bergen, 605 F.2d 690, 700 (3d Cir. 1979). Young's petition does not meet these requirements. Indeed, he can obtain the requested documents by paying the requisite fee. See Electronic Public Access Fee Schedule (reprinted with 28 U.S.C. § 1914 ). Nevertheless, as a courtesy in this

---

[1] Other than the "docket statement," which we believe refers to the District Court docket report, Young has not identified the court documents that he wants.

instance, the Clerk of this Court is hereby directed to provide to Young, without charge, one (1) copy of the District Court docket report.

For the foregoing reasons, Young's petition for a writ of mandamus will be denied.